**ORAL ARGUMENT HELD NOVEMBER 6, 2019**

**IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Nos. 18-1203, 18-1205, 18-1206, 18-1208, 18-1212, 18-1214 (cons.)

_____

CLEAN WISCONSIN, *et al.*,
Petitioners,

v.

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY and
ANDREW R. WHEELER, Administrator,
United States Environmental Protection Agency,
Respondents.

_____

BCCA APPEAL GROUP, *et al.*,
Intervenors.

_____

PETITION FOR REVIEW OF FINAL ADMINISTRATIVE ACTION OF
THE UNITED STATES ENVIRONMENTAL PROTECTION AGENCY

_____

**PETITIONERS' JOINT SUPPLEMENTAL BRIEF**

**DATED: November 18, 2019**

*Counsel for Petitioners listed on next page*



Susan Hedman, Of Counsel
Clean Wisconsin
634 W. Main Street, Suite 300
Madison, WI 53703
(608) 251-7020 ext. 29
shedman@cleanwisconsin.org

*/s/ Ann Brewster Weeks*
Ann Brewster Weeks
Clean Air Task Force
114 State Street, 6th Floor
Boston, MA 02109
(617) 359-4077
aweeks@catf.us

*Counsel for Petitioner Clean Wisconsin*

*/s/ Maxine I. Lipeles*
Maxine I. Lipeles
Interdisciplinary Environmental Clinic
Professor of Law Emerita
Washington University School of Law
One Brookings Drive – CB 1120
St. Louis, MO 63130
(314) 346-0804
milipele@wustl.edu

*Counsel for Petitioner Sierra Club*

Kwame Raoul, Attorney General
Jane Elinor Notz, Solicitor General
Matthew J. Dunn, Chief,
        Environmental Enforcement/
        Asbestos Litigation Division
Daniel I. Rottenberg
        Assistant Attorney General

*/s/ Daniel I. Rottenberg*
Daniel I. Rottenberg
Assistant Attorney General
Office of the Attorney General
69 W. Washington Street, 18th Floor
Chicago, IL 60602
(312) 814-3816
drottenberg@atg.state.il.us

*Counsel for Petitioner State of Illinois*

Mark A. Flessner, Corporation
        Counsel
Benna Ruth Solomon, Deputy
        Corporation Counsel
Jared Policicchio, Supervising
        Assistant Corporation Counsel
Stephen J. Kane,
        Deputy Corporation Counsel

By: */s/ Stephen J. Kane*
Stephen J. Kane
Deputy Corporation Counsel
        Affirmative Litigation Division
City of Chicago Department of Law
121 North LaSalle Street, Room 600
Chicago, IL 60602
(312) 744-6934
stephen.kane@cityofchicago.org

*Counsel for Petitioner City of Chicago*

i

*/s/ Robert Ukeiley*
Robert Ukeiley
Center for Biological Diversity
1536 Wynkoop St., Suite 421
Denver, CO 80202
(720) 496-8568
rukeiley@biologicaldiversity.org

Jonathan Evans
Center for Biological Diversity
1212 Broadway, Suite 800
Oakland, CA 94612
(510) 844-7100 x318
jevans@biologicaldiversity.org

*Counsel for Petitioners Board of
County Commissions of Boulder
County, Center for Biological
Diversity, National Parks
Conservation Association, and Sierra
Club*

*/s/ David R. Baake*
David R. Baake
Baake Law LLC
350 El Molino Blvd
Las Cruces, NM 88005
(545) 343-2782
david@baakelaw.com

*Counsel for Petitioners Sierra Club,
the City of Sunland Park, New
Mexico, and Familias Unidas del
Chamizal*

*/s/ Elena K. Saxonhouse*
Elena K. Saxonhouse,
Sierra Club Environmental Law
    Program
2101 Webster Street, Suite 1300
Oakland, CA 94612
(415) 977-5765
elena.saxonhouse@sierraclub.org

*Counsel for Petitioner Sierra Club*

*/s/ Joshua A. Berman*
Joshua A. Berman
Sierra Club Environmental Law
    Program
50 F Street NW, 8th floor
Washington, DC 20001
(202) 650-6062
josh.berman@sierraclub.org

*Counsel for Petitioner Sierra Club*

*/s/ Howard A. Learner*
Howard A. Learner
Ann Jaworski
Environmental Law and Policy Center
35 East Wacker Drive, Suite 1600
Chicago, IL 60601
(312) 673-6500
hlearner@elpc.org

*Counsel for Petitioners Environmental
Law and Policy Center and
Respiratory Health Association*

# TABLE OF CONTENTS

TABLE OF CONTENTS.............................................................................. iii

TABLE OF AUTHORITIES ...................................................................... iv

GLOSSARY OF ACRONYMS AND ABBREVIATIONS .................................. vi

STATUTES AND REGULATIONS .................................................. vii

INTRODUCTION ....................................................................................1

BACKGROUND ......................................................................................1

SUMMARY OF ARGUMENT ...................................................................2

ARGUMENT ...........................................................................................3

I.   This Court Has Inherent Power to Impose a Deadline for EPA to Respond to Remand without Vacatur. ............................................................................3

II.  EPA's Request for Voluntary Remand of Certain Designations Does Not Affect this Court's Power to Impose a Deadline for Action on Remand without Vacatur. ...............................................................................................6

III. Any Deadline Imposed by this Court Should Require EPA to Respond to Remand without Vacatur "As Expeditiously as Practicable" But No Later Than a Date Certain. .......................................................................................8

CONCLUSION .....................................................................................10

# TABLE OF AUTHORITIES

## CASES

*Ala. Power Co. v. Sierra Club*, 468 U.S. 1204 (1984) ............................................. 2

*Cent. Power & Light Co. v. United States*, 634 F.2d 137 (5th Cir. 1980), *supplemented*, 639 F.2d 1104 (5th Cir. 1981) ............................................. 7

*Crocker v. Piedmont Aviation, Inc.,* 49 F.3d 735 (D.C. Cir. 1995) ........................... 4

*Envtl. Def. Fund v. EPA*, 852 F.2d 1316 (D.C. Cir. 1988) .................................... 4, 9

*Ethyl Corp. v. Browner*, 989 F.2d 522 (D.C. Cir. 1993) ........................................ 9

*Ford Motor Co. v. Nat. Labor Relations Bd.*, 305 U.S. 364 (1939) .......................... 6

*Franklin v. Gwinnett County Public Schools*, 503 U.S. 60 (1992) ................... 3, 4, 6

*In re Ozone Designation Litig.*, 286 F. Supp. 3d 1082 (N.D. Cal. 2018) ................. 2

*Mexichem Specialty Resins, Inc. v. EPA*, 787 F.3d 544 (D.C. Cir. 2015) ................ 5

*Nat'l Parks Conservation Ass'n v. Salazar*, 660 F. Supp. 2d 3 (D.D.C. 2009) ........ 6

*New York v. EPA*, D.C. Cir. No. 17-1185 .............................................................. 2

*Nat. Res. Def. Council v. EPA*, 22 F.3d 1125 (D.C. Cir. 1994) .......................... 2, 3

*Nat. Res. Def. Council v. Train*, 510 F.2d 692 (D.C. Cir. 1974) ........................... 3

*Porter v. Warner Holding Co.*, 328 U.S. 395 (1946) ................................... 2, 3, 4, 6

*Rodway v. U.S. Dep't of Agric.*, 514 F.2d 809 (D.C. Cir. 1975) ......................... 4, 8

*Sierra Club v. EPA*, 719 F.2d 436 (D.C. Cir. 1983) ......................................... 2, 4, 9

*Util. Solid Waste Activities Grp. v. EPA*, 901 F.3d 414 (D.C. Cir. 1998) ................ 6

## STATUTES

5 U.S.C. § 706 ................................................................................................ 5

42 U.S.C. § 7407(d)(1)(B) ........................................................................... 2, 8

42 U.S.C. § 7407(d)(3) .................................................................................. 8

42 U.S.C. § 7604(a) ....................................................................................... 5

42 U.S.C. §7607(d)(9)..................................................................................5

Clean Air Act § 211(f)(4) ...........................................................................9

## OTHER AUTHORITIES

Kristina Daugirdas, *Note: Evaluating Remand Without Vacatur: A New Judicial Remedy For Defective Agency Rulemakings*, 80 N.Y.U. L. Rev. 278(2005).......8

Ronald M. Levin, *"Vacation" at Sea: Judicial Remedies and Equitable Discretion in Administrative Law*, 53 Duke L.J. 291, 384 n.421 (2003) ..............................8

**GLOSSARY OF ACRONYMS AND ABBREVIATIONS**

Pursuant to Circuit Rule 28(a)(3), the following is a glossary of acronyms and abbreviations used in this brief:

EPA                          United States Environmental Protection Agency

## STATUTES AND REGULATIONS

Except for 42 U.S.C. § 7604, which appears in a statutory addendum at the end of this brief, all pertinent statutes and regulations cited appear in Petitioners' previously-filed Statutory Addendum, Document No. 1801177.

## INTRODUCTION

Petitioners Clean Wisconsin, Center for Biological Diversity, Environmental Law and Policy Center, Familias Unidas del Chamizal, National Parks Conservation Association, Respiratory Health Association, Sierra Club, State of Illinois, City of Chicago, Board of County Commissions of Boulder County, and City of Sunland Park, New Mexico hereby respectfully respond to this Court's Order (No. 1814763) requesting additional briefing on two questions: (1) this Court's power to impose a deadline for EPA action on remand where the agency has requested a voluntary remand of portions of a final rule; and (2) this Court's power to impose a deadline for EPA action on remand where the agency defends its decision but the Court nevertheless finds it to be arbitrary and capricious.

Petitioners' brief shows that this Court has power to impose deadlines in both circumstances. First, Petitioners address the Court's inherent power to impose deadlines on remand. Second, Petitioners explain the applicability of that authority where an agency action is held to be arbitrary and capricious and in cases where an agency requests voluntary remand. Finally, Petitioners explain that this Court has authority to look to statutory timelines to fashion an appropriate deadline.

## BACKGROUND

EPA repeatedly delayed issuing designations for the 2015 ozone standard, thereby ignoring the Clean Air Act's command that designations be issued "as

1

expeditiously as practicable, but in no case later than 2 years from the date of promulgation of the . . . revised national ambient air quality standard," 42 U.S.C. § 7407(d)(1)(B). EPA was sued twice over this illegal delay by groups including some Petitioners and Amici in this case. *New York v. EPA*, D.C. Cir. No. 17-1185; *In re Ozone Designation Litig*., 286 F. Supp. 3d 1082 (N.D. Cal. 2018). It was only due to a court-ordered deadline that EPA finally issued the challenged designations.

## SUMMARY OF ARGUMENT

This Court has inherent power to impose a deadline for agency action on remand. *Porter v. Warner Holding Co.*, 328 U.S. 395, 398 (1946) (courts have inherent power "to mould each decree to the necessities of the particular case") (*quoting Hecht Co. v. Bowles*, 321 U.S. 321, 329 (1944)). That is true regardless of whether the remand is voluntary or court-directed. Nothing in the Clean Air Act or the Administrative Procedure Act limits this authority; indeed, a deadline on remand is fully consistent with the judicial review provisions in these statutes. This Court has imposed deadlines for responding to remand in previous Clean Air Act cases. *See, e.g., Nat. Res. Def. Council v. EPA*, 22 F.3d 1125, 1136–37 (D.C. Cir. 1994); *Sierra Club v. EPA*, 719 F.2d 436, 470 (D.C. Cir. 1983), *cert. denied by Ala. Power Co. v. Sierra Club*, 468 U.S. 1204 (1984). If this Court remands without vacatur any of the attainment designations that Petitioners are challenging,

2

the Court should exercise its power to establish deadlines for EPA's response on remand using relevant statutory timeframes as a guide.

## ARGUMENT

## I.  This Court Has Inherent Power to Impose a Deadline for EPA to Respond to Remand without Vacatur.

Federal courts at all levels have inherent power to award appropriate relief in cases properly before them. *Franklin v. Gwinnett County Public Schools*, 503 U.S. 60, 70–71 (1992) ("[A]bsent clear direction to the contrary by Congress, the federal courts have the power to award any appropriate relief in a cognizable cause of action brought pursuant to a federal statute."); *Porter*, 328 U.S. at 398 (courts have inherent power "to mould each decree to the necessities of the particular case"). The Court's power includes "authority to set enforceable deadlines both of an ultimate and an intermediate nature . . . to vindicate the public interest." *Nat. Res. Def. Council v. Train*, 510 F.2d 692, 705 (D.C. Cir. 1974) (citing *Porter*, 328 U.S. at 398).

This Court has often imposed deadlines for administrative agencies to respond to remand, including in numerous cases under the Clean Air Act and the Administrative Procedure Act. *See Nat. Res. Def. Council v. EPA*, 22 F.3d at 1136–37 ("because the EPA, by ignoring the statutory deadline for promulgating guidance, was responsible for the tardy submission of [state implementation plans]," court would impose "accelerat[ed]" deadlines for approval or disapproval

3

of these plans); *Envtl. Def. Fund v. EPA*, 852 F.2d 1316, 1331 (D.C. Cir. 1988) (setting a six-month deadline for action on remand because the Resource Conservation and Recovery Act contains a six-month deadline for initial action); *Sierra Club*, 719 F.2d at 469–70 (directing EPA to promulgate new Clean Air Act regulations within six months from the issuance of mandate); *Rodway v. U.S. Dep't of Agric.*, 514 F.2d 809, 818 (D.C. Cir. 1975) (in Administrative Procedure Act case, remanding and ordering agency to complete new rulemaking within 120 days).

As these cases make clear, nothing in the Clean Air Act or Administrative Procedure Act limits this Court's authority to impose a deadline. To the extent that EPA argues that the Court's authority to impose a deadline is limited by statute, it must point to an express statutory restriction. *Franklin*, 503 U.S. at 66–71; *Porter*, 328 U.S. at 398; *accord Crocker v. Piedmont Aviation, Inc.*, 49 F.3d 735, 749 (D.C. Cir. 1995) ("[T]he Supreme Court has made clear that . . . courts are presumed to possess the full range of remedial powers—legal as well as equitable—unless Congress has expressly restricted their exercise."). EPA cannot do so. The imposition of a deadline on remand is fully consistent with the judicial review provisions of the Clean Air Act and the Administrative Procedure Act, which require the court to "hold unlawful and set aside" an action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 42

U.S.C. §7607(d)(9); 5 U.S.C. § 706. This Court not infrequently exercises that authority to remand agency action held to be arbitrary and capricious or otherwise unlawful, and nothing in the statutes precludes the Court from setting a deadline on the agency's response.

EPA may point to Section 304(a) of the Clean Air Act, which provides, in relevant part: "The district courts of the United States shall have jurisdiction to compel . . . agency action unreasonably delayed." 42 U.S.C. § 7604(a). This provision is simply a grant of jurisdiction to the district courts; it does not deprive this Court of any remedial authority in cases already subject to this Court's jurisdiction. This Court adopted that reading in *Mexichem Specialty Resins, Inc. v. EPA*, 787 F.3d 544 (D.C. Cir. 2015), explaining that Section 304(a) did not prevent the Court from holding that EPA had unreasonably delayed in responding to a petition for reconsideration. The Court explained that when Congress amended Section 304(a), it "anticipated this very type of case, 'where a complaint about agency inaction is "embedded" in a challenge to agency action,' and did not withdraw our jurisdiction." *Id.* at 553, n.6 (quoting S. Rep. No. 101–228, at 374).

In sum, this Court has inherent authority to impose deadlines for EPA to respond to remand. Nothing in the Clean Air Act or the Administrative Procedure Act limits this authority; indeed, this Court has imposed a deadline for responding to remand in previous cases under these statutes.

5

## II. EPA's Request for Voluntary Remand of Certain Designations Does Not Affect this Court's Power to Impose a Deadline for Action on Remand without Vacatur.

Granting a request for voluntary remand is an equitable remedy, representing a decision by the court to remand without reaching the legal merits of the case before it. *See Ford Motor Co. v. Nat. Labor Relations Bd.*, 305 U.S. 364, 373 (1939) (because jurisdiction to review administrative action is "vested in a court with equity powers," court "may adjust its relief to the exigencies of the case" by granting voluntary remand). A court may decide to grant a request for voluntary remand, but exercise its inherent authority to impose a deadline for the agency to complete its subsequent proceedings. *Cf. Franklin*, 503 U.S. at 66–71; *Porter*, 328 U.S. at 398.

Here, EPA's request for voluntary remand does not confess error or provide new authority or evidence. Therefore, this Court should look more closely at the request. *See Util. Solid Waste Activities Grp. v. EPA*, 901 F.3d 414, 436 (D.C. Cir. 1998); *Nat'l Parks Conservation Ass'n v. Salazar*, 660 F. Supp. 2d 3, 4 (D.D.C. 2009). In this case, it is especially appropriate for the Court to exercise its equitable power to define a timetable for EPA's response to voluntary remand without vacatur in order to ensure that the Petitioners are not deprived of meaningful relief.

6

EPA may argue that the agency has inherent authority to correct mistakes or reconsider past decisions and that it should be allowed to do so without further interference from this Court in the form of a deadline. But the authority to correct mistakes or to reconsider rules is not unlimited. An open-ended, voluntary remand would frustrate the clear mandate of Congress to ensure that air quality designations are completed in a timely manner. *Cf. Cent. Power & Light Co. v. United States*, 634 F.2d 137, 154–55 (5th Cir. 1980), *supplemented on rehearing*, 639 F.2d 1104 (5th Cir. 1981) (refusing to grant voluntary remand request, based, in part, on concern that this approach would frustrate Congress' goal of "prompt Commission resolution in rail cases"). An open-ended remand would also prolong exposure to unsafe levels of air pollution for people living in the challenged and downwind areas.

For example, EPA requests voluntary remand of its unsupported last-minute switch of the McHenry County, Illinois designation from nonattainment to attainment following the highly unusual direct intervention of then-EPA Administrator Scott Pruitt. JA-1371; Petitioners' Opening Brief at 11–12, 49–52. Allowing this and other flawed attainment designations to stay in effect indefinitely, through an unbounded voluntary remand, would reward EPA's inappropriate actions and prolong damage to public health. Vital issues of public health and welfare are paramount in this litigation, and must be considered in

7

crafting an equitable remedy that includes a deadline for agency action after voluntary remand. *Cf. Rodway*, 514 F.2d at 817–818 (setting deadline for completion of a new rulemaking after remand where nutrition—a vital matter of public health—was at stake).[1]

## III.   Any Deadline Imposed by this Court Should Require EPA to Respond to Remand without Vacatur "As Expeditiously as Practicable" But No Later Than a Date Certain.

The Clean Air Act's language and structure indicate that Congress intended for EPA to act quickly in issuing air quality designations. *See* 42 U.S.C. § 7407(d)(1)(B) (designations must be finalized "as expeditiously as practicable, but in no case later than 2 years from the date of promulgation of the . . . revised national ambient air quality standard"); *cf.* 42 U.S.C. § 7407(d)(3) (where EPA notifies Governor that an air quality designation should be revised (e.g., from attainment to nonattainment), the Governor shall submit such redesignation within

---

[1] "Pro-regulatory challenges," like Petitioners' claims that EPA's final designations rule is not sufficiently protective, provide little or no incentive for quick agency action on remand. *See* Kristina Daugirdas, *Note: Evaluating Remand Without Vacatur: A New Judicial Remedy For Defective Agency Rulemakings*, 80 N.Y.U. L. Rev. 278, 301 (2005). Such cases are most appropriate for a court's exercise of its equitable discretion to set a deadline for an agency to act on remand, or for automatic vacatur of the rule if the agency does not act within a time certain. *Id.* at 301-307; *see also* Ronald M. Levin, *"Vacation" at Sea: Judicial Remedies and Equitable Discretion in Administrative Law*, 53 Duke L.J. 291, 384 n.421 (2003).

120 days, and EPA shall act on the redesignation within another 120 days). This Court may look to this language for direction in exercising its equitable power to set deadlines for agency action on remand, as it has done in the past regarding other Clean Air Act provisions.

For example, in *Ethyl Corp. v. Browner*, 989 F.2d 522 (D.C. Cir. 1993), this Court considered (without finding them dispositive) the timeframes Clean Air Act § 211(f)(4) set for initial Agency action in crafting a deadline for EPA's response on remand. In *Sierra Club*, 719 F.2d at 470, this Court remanded Clean Air Act rules that had been issued well past the statute's six-month deadline, and also imposed a six-month deadline for EPA action following remand, because it was "the period originally specified by Congress." This Court has also looked to statutory deadlines when setting deadlines for EPA action on remand of regulations promulgated under the Resource Conservation and Recovery Act. *Envtl. Def. Fund*, 852 F.2d at 1331 (setting a six-month deadline for action on remand because the statute contains a six-month deadline for initial action).

Following this precedent, the Court should look to the timeline Congress established for air quality designations to craft a deadline for action on remand of any designations that are not vacated.  EPA should be required to respond to remand "as expeditiously as practicable" but no later than a date certain.

## CONCLUSION

This Court has authority to craft a deadline for EPA action on remand, whether the remand is court-directed after consideration on the merits or a grant of a voluntary remand request by EPA. Where, as here, a statutory deadline already has passed, and the merits are before the Court, this Court may look to statutory deadlines to craft an appropriate deadline for action on remand—if this Court does not vacate the challenged designations. An aggressive deadline is appropriate here, given the significant harm to public health that would result from unbounded delay on remand without vacatur.

DATED: November 18, 2019

Respectfully Submitted,

_____
Susan Hedman, Of Counsel
Clean Wisconsin
634 W. Main Street, Suite 300
Madison, WI 53703
(608) 251-7020 ext. 29
shedman@cleanwisconsin.org

*/s/ Ann Brewster Weeks*
Ann Brewster Weeks
Clean Air Task Force
114 State Street, 6th Floor
Boston, MA 02109
(617) 359-4077
aweeks@catf.us

*Counsel for Petitioner Clean Wisconsin*

10

Kwame Raoul, Attorney General
Jane Elinor Notz, Solicitor General
Matthew J. Dunn, Chief,
      Environmental Enforcement/
      Asbestos Litigation Division
Daniel I. Rottenberg
      Assistant Attorney General

*/s/ Daniel I. Rottenberg*
Daniel I. Rottenberg
Assistant Attorney General
Office of the Attorney General
69 W. Washington Street, 18th Floor
Chicago, IL 60602
(312) 814-3816
drottenberg@atg.state.il.us

*Counsel for Petitioner State of Illinois*

Mark A. Flessner, Corporation
      Counsel
Benna Ruth Solomon, Deputy
      Corporation Counsel
Jared Policicchio, Supervising
      Assistant Corporation Counsel
Stephen J. Kane,
      Deputy Corporation Counsel

By: */s/ Stephen J. Kane*
Stephen J. Kane
Deputy Corporation Counsel
      Affirmative Litigation Division
City of Chicago Department of Law
121 North LaSalle Street, Room 600
Chicago, IL 60602
(312) 744-6934
stephen.kane@cityofchicago.org

*Counsel for Petitioner City of Chicago*

*/s/ Robert Ukeiley*
Robert Ukeiley
Center for Biological Diversity
1536 Wynkoop St., Suite 421
Denver, CO 80202
(720) 496-8568
rukeiley@biologicaldiversity.org

Jonathan Evans
Center for Biological Diversity
1212 Broadway, Suite 800
Oakland, CA 94612
(510) 844-7100 x318
jevans@biologicaldiversity.org

*Counsel for Petitioners Board of*
*County Commissions of Boulder*
*County, Center for Biological*
*Diversity, National Parks*
*Conservation Association, and Sierra*
*Club*

*/s/ David R. Baake*
David R. Baake
Baake Law LLC
350 El Molino Blvd
Las Cruces, NM 88005
(545) 343-2782
david@baakelaw.com

*Counsel for Petitioners Sierra Club,*
*the City of Sunland Park, New*
*Mexico, and Familias Unidas del*
*Chamizal*

11

*/s/ Elena K. Saxonhouse*
Elena K. Saxonhouse,
Sierra Club Environmental Law
    Program
2101 Webster Street, Suite 1300
Oakland, CA 94612
(415) 977-5765
elena.saxonhouse@sierraclub.org

*Counsel for Petitioner Sierra Club*

*/s/ Joshua A. Berman*
Joshua A. Berman
Sierra Club Environmental Law
    Program
50 F Street NW, 8th floor
Washington, DC 20001
(202) 650-6062
josh.berman@sierraclub.org

*Counsel for Petitioner Sierra Club*

*/s/ Maxine I. Lipeles*
Maxine I. Lipeles
Interdisciplinary Environmental Clinic
Professor of Law Emerita
Washington University School of Law
One Brookings Drive – CB 1120
St. Louis, MO 63130
(314) 346-0804
milipele@wustl.edu

*Counsel for Petitioner Sierra Club*

*/s/ Howard A. Learner*
Howard A. Learner
Ann Jaworski
Environmental Law and Policy Center
35 East Wacker Drive, Suite 1600
Chicago, IL 60601
(312) 673-6500
hlearner@elpc.org

*Counsel for Petitioners Environmental*
*Law and Policy Center and*
*Respiratory Health Association*

12

## CERTIFICATE OF COMPLIANCE

I certify that this brief complies with the type-volume limit of Fed. R. App. P. 32 (a)(5) and (6) because it uses 14-point Times New Roman type, a proportionally spaced font. This brief contains 2,262 words, as counted by counsel's word processing system, excluding those portions of the brief exempted under Rule 32(f).

DATED: November 18, 2019

SIGNED: */s/ Ann Jaworski*
Ann Jaworski

## CERTIFICATE OF SERVICE

I certify that the foregoing supplemental brief was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of said filing to the attorneys of record who have registered with the Court's CM/ECF system and that I have caused nine paper copies to be provided to the Clerk of the Court, by hand delivery, pursuant to Circuit Rules 31 and 32 and the Court's order.

DATED: November 18, 2019

SIGNED: */s/ Ann Jaworski*
Ann Jaworski

# STATUTORY ADDENDUM

## TABLE OF CONTENTS

42 U.S.C. § 7604 ……………………………………………………1

United States Code Annotated
  Title 42. The Public Health and Welfare
    Chapter 85. Air Pollution Prevention and Control (Refs & Annos)
      Subchapter III. General Provisions

42 U.S.C.A. § 7604

§ 7604. Citizen suits

Currentness

**(a) Authority to bring civil action; jurisdiction**

Except as provided in subsection (b), any person may commence a civil action on his own behalf--

**(1)** against any person (including (i) the United States, and (ii) any other governmental instrumentality or agency to the extent permitted by the Eleventh Amendment to the Constitution) who is alleged to have violated (if there is evidence that the alleged violation has been repeated) or to be in violation of (A) an emission standard or limitation under this chapter or (B) an order issued by the Administrator or a State with respect to such a standard or limitation,

**(2)** against the Administrator where there is alleged a failure of the Administrator to perform any act or duty under this chapter which is not discretionary with the Administrator, or

**(3)** against any person who proposes to construct or constructs any new or modified major emitting facility without a permit required under part C of subchapter I (relating to significant deterioration of air quality) or part D of subchapter I (relating to nonattainment) or who is alleged to have violated (if there is evidence that the alleged violation has been repeated) or to be in violation of any condition of such permit.

The district courts shall have jurisdiction, without regard to the amount in controversy or the citizenship of the parties, to enforce such an emission standard or limitation, or such an order, or to order the Administrator to perform such act or duty, as the case may be, and to apply any appropriate civil penalties (except for actions under paragraph (2)). The district courts of the United States shall have jurisdiction to compel (consistent with paragraph (2) of this subsection) agency action unreasonably delayed, except that an action to compel agency action referred to in section 7607(b) of this title which is unreasonably delayed may only be filed in a United States District Court within the circuit in which such action would be reviewable under section 7607(b) of this title. In any such action for unreasonable delay, notice to the entities referred to in subsection (b)(1)(A) shall be provided 180 days before commencing such action.

**(b) Notice**

No action may be commenced--

**(1)** under subsection (a)(1)--

**(A)** prior to 60 days after the plaintiff has given notice of the violation (i) to the Administrator, (ii) to the State in which the violation occurs, and (iii) to any alleged violator of the standard, limitation, or order, or

**(B)** if the Administrator or State has commenced and is diligently prosecuting a civil action in a court of the United States or a State to require compliance with the standard, limitation, or order, but in any such action in a court of the United States any person may intervene as a matter of right. [1]

**(2)** under subsection (a)(2) prior to 60 days after the plaintiff has given notice of such action to the Administrator,

except that such action may be brought immediately after such notification in the case of an action under this section respecting a violation of section 7412(i)(3)(A) or (f)(4) of this title or an order issued by the Administrator pursuant to section 7413(a) of this title. Notice under this subsection shall be given in such manner as the Administrator shall prescribe by regulation.

**(c) Venue; intervention by Administrator; service of complaint; consent judgment**

**(1)** Any action respecting a violation by a stationary source of an emission standard or limitation or an order respecting such standard or limitation may be brought only in the judicial district in which such source is located.

**(2)** In any action under this section, the Administrator, if not a party, may intervene as a matter of right at any time in the proceeding. A judgment in an action under this section to which the United States is not a party shall not, however, have any binding effect upon the United States.

**(3)** Whenever any action is brought under this section the plaintiff shall serve a copy of the complaint on the Attorney General of the United States and on the Administrator. No consent judgment shall be entered in an action brought under this section in which the United States is not a party prior to 45 days following the receipt of a copy of the proposed consent judgment by the Attorney General and the Administrator during which time the Government may submit its comments on the proposed consent judgment to the court and parties or may intervene as a matter of right.

**(d) Award of costs; security**

The court, in issuing any final order in any action brought pursuant to subsection (a) of this section, may award costs of litigation (including reasonable attorney and expert witness fees) to any party, whenever the court determines such award is appropriate. The court may, if a temporary restraining order or preliminary injunction is sought, require the filing of a bond or equivalent security in accordance with the Federal Rules of Civil Procedure.

**(e) Nonrestriction of other rights**

Nothing in this section shall restrict any right which any person (or class of persons) may have under any statute or common law to seek enforcement of any emission standard or limitation or to seek any other relief (including relief against the Administrator or a State agency). Nothing in this section or in any other law of the United States shall be construed to prohibit, exclude, or restrict any State, local, or interstate authority from--

**(1)** bringing any enforcement action or obtaining any judicial remedy or sanction in any State or local court, or

**(2)** bringing any administrative enforcement action or obtaining any administrative remedy or sanction in any State or local administrative agency, department or instrumentality,

against the United States, any department, agency, or instrumentality thereof, or any officer, agent, or employee thereof under State or local law respecting control and abatement of air pollution. For provisions requiring compliance by the United States, departments, agencies, instrumentalities, officers, agents, and employees in the same manner as nongovernmental entities, see section 7418 of this title.

(f) "Emission standard or limitation under this chapter" defined

For purposes of this section, the term "emission standard or limitation under this chapter" means--

**(1)** a schedule or timetable of compliance, emission limitation, standard of performance or emission standard,

**(2)** a control or prohibition respecting a motor vehicle fuel or fuel additive, or [2]

**(3)** any condition or requirement of a permit under part C of subchapter I (relating to significant deterioration of air quality) or part D of subchapter I (relating to nonattainment),, [3] section 7419 of this title (relating to primary nonferrous smelter orders), any condition or requirement under an applicable implementation plan relating to transportation control measures, air quality maintenance plans, vehicle inspection and maintenance programs or vapor recovery requirements, section 7545(e) and (f) of this title (relating to fuels and fuel additives), section 7491 of this title (relating to visibility protection), any condition or requirement under subchapter VI (relating to ozone protection), or any requirement under section 7411 or 7412 of this title (without regard to whether such requirement is expressed as an emission standard or otherwise); [4] or

**(4)** any other standard, limitation, or schedule established under any permit issued pursuant to subchapter V or under any applicable State implementation plan approved by the Administrator, any permit term or condition, and any requirement to obtain a permit as a condition of operations. [5]

which is in effect under this chapter (including a requirement applicable by reason of section 7418 of this title) or under an applicable implementation plan.

**(g) Penalty fund**

**(1)** Penalties received under subsection (a) shall be deposited in a special fund in the United States Treasury for licensing and other services. Amounts in such fund are authorized to be appropriated and shall remain available until expended, for use by the Administrator to finance air compliance and enforcement activities. The Administrator shall annually report to the Congress about the sums deposited into the fund, the sources thereof, and the actual and proposed uses thereof.

**(2)** Notwithstanding paragraph (1) the court in any action under this subsection [6] to apply civil penalties shall have discretion to order that such civil penalties, in lieu of being deposited in the fund referred to in paragraph (1), be used in beneficial mitigation projects which are consistent with this chapter and enhance the public health or the environment. The court shall obtain the view of the Administrator in exercising such discretion and selecting any such projects. The amount of any such payment in any such action shall not exceed $100,000.

### CREDIT(S)

(July 14, 1955, c. 360, Title III, § 304, as added Pub.L. 91-604, § 12(a), Dec. 31, 1970, 84 Stat. 1706; amended Pub.L. 95-95, Title III, § 303(a) to (c), Aug. 7, 1977, 91 Stat. 771, 772; Pub.L. 95-190, § 14(a)(77), (78), Nov. 16, 1977, 91 Stat. 1404; Pub.L. 101-549, Title III, § 302(f), Title VII, § 707(a) to (g), Nov. 15, 1990, 104 Stat. 2574, 2682, 2683.)

Footnotes

1    So in original. The period probably should be ", or".
2    So in original. The word "or" probably should not appear.
3    So in original.
4    So in original. The semicolon probably should be comma.
5    So in original. The period probably should be a comma.
6    So in original. Probably should be "this section".

42 U.S.C.A. § 7604, 42 USCA § 7604

Current through P.L. 116-68.

---

**End of Document**                                            © 2019 Thomson Reuters. No claim to original U.S. Government Works.

WESTLAW    © 2019 Thomson Reuters. No claim to original U.S. Government Works.    4